## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 7488 | **DATE** | 11/15/2000 |
| **CASE TITLE** | Nolan Edmonds vs. Lamark Carter et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The "waiver" filed by defendant on May 5, 2000 [ ] is stricken. Defendant is ordered to file an answer to the complaint, in accordance with Rule 8(b) of the Federal Rules of Civil Procedure, and Attorney Richards is ordered to file a statement explaining why he believed in good faith that it was appropriate to file the "waiver" instead of answering the complaint, by December 5, 2000.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | DEC 1 5 2000 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials |
| | Copy to judge/magistrate judge. | 00 DEC 14 PM 4: 46 | 45 |
| AMM | courtroom deputy's initials | | 11/15/2000 date mailed notice |
| | | Date/time received in central Clerk's Office | KAM mailing deputy initials |

97-7488.002

November 15, 2000

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| NOLAN EDMONDS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) No. 97 C 7488 | |
| | ) | |
| LAMARK CARTER, DOUGLAS REED, | ) | |
| and MATTHEW MEIER, | ) | |
| | ) | |
| Defendants. | ) | |

**DOCKETED**

DEC 1 5 2000

## MEMORANDUM OPINION AND ORDER

The plaintiff, Nolan Edmonds, is an inmate in the Illinois penitentiary system. He brought this suit against the defendant Matthew Meier, a correctional officer, pursuant to 42 U.S.C. § 1983.[1]

On October 8, 1997, plaintiff was housed at the Joliet Correctional Center, and the defendant was employed there as a correctional officer. The gist of plaintiff's action is alleged in the following two paragraphs of the Complaint:

> 6. On October 8, 1997, at approximately 11:25 a.m., Edmonds was being escorted from the shower by Meier. As they proceeded to come down the stairs, Meier told Edmonds that his "fat ass" needed to lose some weight, and

---

[1] The other defendants have been dismissed from the case.

> at the same time, Meier pushed Edmonds down the flight of stairs in the North Control Segregation Unit ("NCSU").
>
> 7. Meier pushed Edmonds down the flight of steel stairs while Edmonds' hands were handcuffed behind his back, so Edmonds was not able to break his fall. Meier's acts constituted official misconduct. After Meier pushed Edmonds, Edmonds's hands were caught in between two of the steel stairs, which left Edmonds in a great deal of pain. In addition, the handcuffs cut Edmond's left wrist causing it to bleed. As a result of Meier's misconduct, Edmonds suffered a great deal of pain from landing on the flight of steel stairs.

Complaint, ¶¶ 6-7.

The complaint seeks damages for excessive force under Section 1983 and asserts as well a state law claim against Meier for battery. The complaint, filed by Edmonds acting pro se, states that Meier is sued in both his official and individual capacities.

The defendant, represented by the office of the Illinois Attorney General, filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the Section 1983 claim against Meier in his official capacity was barred by the Eleventh Amendment, that the Section 1983 individual capacity claim is insufficient because the injury was de minimus, and that the state law claim for battery was really against the State of Illinois and therefore could only be brought

against the State in the Illinois Court of Claims.

We appointed counsel for Edmonds, and the defendant's motion was fully briefed. In a memorandum opinion and order dated January 19, 2000, we denied the motion to dismiss insofar as the claims were brought against Meier in his individual capacity, pointing out that the Eleventh Amendment does not apply to such a claim. We also rejected the Court of Claims argument and held that we had supplemental jurisdiction over the state law claim. As for the sufficiency of the Section 1983 claim to allege a constitutional violation, we stated:

> Taking the facts pleaded by plaintiff as true, as we must for purposes of a motion to dismiss, it is clear that defendant applied the force maliciously, given the circumstances surrounding this incident. Plaintiff Edmonds was simply being escorted back to his cell after a shower when, without provocation, defendant made derisive comments about his weight and pushed him down the stairs.[2/] Plaintiff was not acting in a threatening manner toward defendant, and was not a threat to the safety of other staff members or inmates because his hands were handcuffed behind his back. Thus, we can infer that defendant's conduct was not a good-faith effort to maintain discipline, but rather that he acted with malicious intent to cause harm.

---

[2/] Defendant argues that we can infer from the pleadings that plaintiff slipped and fell on his own, just as easily as we can infer that he was pushed. However, this ignores the complaint, which states that "Meier pushed Edmonds down the flight of steel stairs . . . ." Complaint, ¶ 7.

> Defendant's derisive statement about plaintiff's weight supports this inference.[3]
>
> We reject defendant's argument that the force alleged is de minimus. The complaint states that plaintiff's fall caused him "a great deal of pain," and suggests that the injury was exacerbated by the fact that plaintiff's hands were handcuffed, rendering him unable to break his fall and causing his hands to become caught between two stairs. See Complaint, ¶ 7. Also, after he was released, "he continued to suffer a great deal of pain in his lower-back and lost feeling in his left hand where the handcuff had cut his wrist. . . . On each day from October 8, 1997 to the present, Edmonds has complained about his injuries to the paramedics . . . ." Id. at ¶ 9. These allegations, if proved, could establish that plaintiff's injuries are more than de minimus.

Memorandum Opinion, January 19, 2000, at 6 and 7.

We concluded by ordering the defendant to file an answer to the complaint by February 2, 2000. At a status conference held on February 9, 2000, Meier's time to answer the complaint was extended to March 1, 2000.

Meier did not file an answer responding to the allegations of the complaint. Instead, on March 6, 2000, he filed a document styled "Defendant's Answer to Plaintiff's Complaint," which reads

---

[3] Defendant points out that verbal harassment alone cannot serve as the basis for a § 1983 claim. However, such harassment can be used to show defendant's subjective intent. See Bourbeau v. Franzen, No. 97 C 4601, 1998 WL 565042, at *3 (N.D. Ill. Aug. 31, 1998) (finding that an officer's verbal abuse may be relevant in showing his subjective intent).

as follows:

> NOW COMES the Defendant Matthew Meier, by and through his attorney JAMES E. RYAN, Attorney General for the State of Illinois, and hereby Answers plaintiff's compliant pursuant to the provisions of the Prison Litigation Reform Act, 42 U.S.C. section 1997(e)(g), and does hereby waive filing an Answer. However, pursuant to the Act, this waiver does not constitute an admission to the claims and allegations of the plaintiff's amended complaint, or a waiver of any and all available Defenses.

The statute cited by the defendant in this pleading, 42 U.S.C. § 1997(e)(g)(1) does provide that any defendant in an action brought by a prisoner complaining about prison conditions may "waive the right to reply," and that "such waiver shall not constitute an admission of the allegations contained in the complaint." The statute was enacted to reduce the burden of paperwork in cases having no apparent merit. The statute goes on to say, however, in the next paragraph, that, "The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits." 42 U.S.C. § 1997(e)(g)(2).

Plaintiff has brought a motion requesting various relief as a consequence of the defendant's "non-responsive answer." Plaintiff asks for judgment on the pleadings, a default judgment or an order

striking Meier's Answer without leave to file affirmative defenses. Plaintiff also requests that appropriate sanctions be imposed. Plaintiff's argument is that the statute allowing "waiver" of an answer is obviously inapplicable to this situation, since the court had denied defendant's motion to dismiss and had held that the complaint sufficiently alleges a claim under Section 1983 and state law. In response, counsel for the defendant argues that the statute permits a waiver and, while authorizing the court to order a defendant to answer, the statute does not "require" the court to do so. Defendant's Response to Plaintiff's Motion Concerning Defendant Matthew Meier's Answer, ¶ 6.

The court agrees with the thrust of plaintiff's argument. No attorney could reasonably think that when the court denied the motion to dismiss and ordered defendant to answer it had in mind anything other than an answer that would specifically admit or deny the allegations of the complaint. We have quoted portions of the complaint and portions of our Memorandum Opinion denying defendant's motion to dismiss, so that the situation existing at the time the court ordered defendant to answer would be clear: defendant had been ordered to "answer" a complaint that plainly alleged an unprovoked and unjustified use of excessive force by defendant against plaintiff, causing significant injury to

plaintiff. In its memorandum opinion, the court had rejected all legal grounds the defendant raised in opposition to the claim. There was nothing to do but to answer the complaint, as the court directed on January 19, 2000 and again on February 9, 2000, when the time was extended to March 1, 2000. The "waiver" filed on March 6, 2000 was a violation of the court's order, pure and simple. While the court did not refer to the paragraph of the statute which permits it to order the filing of an answer in prisoner cases, it had no occasion to do so because it had no reason to anticipate that defendant's attorney might file a "waiver" in the face of the court's holding that the complaint had sufficiently stated a claim.

It appears that this is not the first misuse of Section 1997(e)(g)(1) by the Illinois Attorney General's Office. Plaintiff notes:

> [T]he Northern District of Illinois has repeatedly warned the Illinois Attorney General's Office that 'resorting to 42 U.S.C. § 1997(e)(g)(1) ... simply creates added work for [opposing] counsel and this Court. E.g., Widmer v. Washington, 1998 U.S. Dist. LEXIS 2371, at *2-3; Johnson v. Washington, 1998 U.S. Dist. LEXIS 2369, at *3; Widmer v. Jockisch, 1998 U.S. Dist. LEXIS, at *2-3.

Plaintiff Nolan Edmond's Reply in Support of His Motion Concerning Defendant Matthew Meier's Non-Responsive Answer at 5. Plaintiff

argues that, "No further warnings are appropriate under the circumstances. The Illinois Attorney General's non-responsive delay tactics and frivolous arguments in this case have caused needless expense and should be sanctioned." Id.

The court agrees with plaintiff that the situation calls for appropriate remedial action. The problem is what the remedy should be. One of the things plaintiff asks is that defendant be barred from filing an answer that would assert any affirmative defenses. That relief will be granted. The court can think of no non-frivolous affirmative defense that could be raised, but, in any event, no time will be wasted on the effort. Defendant truly has "waived" one thing, and that is its right to file any pleading at this point that will raise any affirmative defenses.

Plaintiff's request for entry of judgment on the pleadings or by default, however, is more complicated. Defendant has defaulted, and in a most flagrant way, in that his attorney, in disregard of the court's order, has elected not to answer the complaint. The normal remedy for a default is the entry of judgment for plaintiff on the issue of liability, reserving only the issue of damages. Yang v. Hardin, 37 F.3d 282, 286 (7th Cir. 1994).

Defendant's default clearly warrants the entry of judgment on liability. The problem is, the facts in regard to liability are

also bound up with the issue of damages. Plaintiff's proof of injury depends in large part upon whether his body, for whatever reason, descended down a flight of steps while his hands were cuffed behind him. If there is no dispute that this happened, then the case would be relatively simple; defendant, by virtue of his default, is liable for whatever damages were caused by the fall, because he caused the fall. He is also liable for whatever punitive damages the jury might find appropriate. But what if defendant can in good faith deny that plaintiff fell (or that his hands were cuffed behind him when he fell)? This would go to the issue of damages, which defendant is entitled to contest even though, by virtue of his default, he has no defense on liability.

It may be that defendant will admit that plaintiff did in fact fall down the stairs. If he does, then the jury will be instructed (because of the default) that the cause for the fall was that defendant pushed plaintiff down the stairs. In that situation, the only issue would be the extent of the compensatory and punitive damages. Defendant would be liable for whatever those damages are. But if defendant denies that the fall took place, it seems that his right to a hearing on damages will entitle him to a hearing that

includes the question of whether the fall did in fact take place.[4]

What makes defendant's noncommital "waiver" of an answer especially vexatious is that neither plaintiff nor the court knows what defendant's position is concerning the very specific allegations of the complaint. By filing the "waiver" instead of the answer he was ordered to file, defendant has obstructed the search for truth. Although, as a practical matter, it may be safe to assume that defendant denies he pushed the plaintiff, we have no idea whether he denies that plaintiff fell down the stairs. (Recall that in his motion to dismiss, defendant argued that the complaint did not negative the possibility that plaintiff accidentally fell down the stairs).

To summarize, the court is not in a position to enter a judgment on liability in favor of plaintiff at this point, because defendant's right to contest liability may entitle him to contest, in good faith, if he can, that plaintiff fell down the stairs. In order to know the legal effect of defendant's default, then, we have to require him to answer the complaint. When he does, we

---

[4] We are using the word "fall" in the dictionary sense of "to descend by the force of gravity when freed from suspension or support," Webster's Third New International Dictionary (1971), without regard to whether there is any legal liability involved. In other words, we recognize the possibility that plaintiff tripped and fell down the stairs without being pushed by the defendant.

should be in a position to decide the effect of the default.

The order of the court, therefore, is as follows. The "waiver" filed by defendant on May 5, 2000 is stricken. Defendant is ordered to file an answer to the complaint, in accordance with Rule 8(b) of the Federal Rules of Civil Procedure, by December 5, 2000. We call the attention of defendant's counsel to the requirements of Rule 8(b) that the answering party "shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies." Further, that "denials shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part or a qualification of the averment, the pleader shall specify so much of it as is true and material and shall deny only the remainder." These provisions of the rule have particular application to the question of whether defendant admits that plaintiff fell but denies that he caused the fall, or, on the other hand, denies that plaintiff fell at all.

Defendant has waived any right to assert affirmative defenses, and no purported affirmative defenses shall be asserted in the answer.

Finally, the court takes cognizance of the fact that it is not defendant Meier who made this strategic decision to file the

"waiver" instead of an answer. This was the decision of the defendant's counsel, Assistant Attorney General James H. Richards. The waiver was signed by Mr. Richards on behalf of the defendant. By signing the waiver Mr. Richards represented to the court that, to the best of his "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the waiver was "not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Rule 11(b)(1), Federal Rules of Civil Procedure. The court is unable to understand how Mr. Richards could have believed in good faith that the "waiver" was being filed for a proper purpose in the circumstances of this case, with the allegations of the complaint having been held by the court to state a claim, and the court having ordered defendant to <u>answer</u> the complaint. Pursuant to Rule 11(c)(1)(B), the court orders Mr. Richards to file, by December 5, 2000, a statement explaining why he believed in good faith that it was appropriate to file the "waiver" instead of answering the complaint. What the court wants is a rational explanation of Mr. Richards' behavior, not simply a conclusory statement that he believed in good faith that it was appropriate to file the "waiver."

When defendant's answer and Mr. Richards' statement have been filed, the court will determine how to rule on plaintiff's motion for various relief in regard to defendant Meier's non-responsive answer.

DATE:   November 15, 2000

ENTER:  _____
        John F. Grady, United States District Judge